UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

VOYAGE RECOVERY CENTER, LLC,

    Plaintiff,

v.

TOWN OF JUPITER,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Voyage Recovery Center, LLC ("Plaintiff" or "Voyage"), sues the Town of Jupiter (the "Town") and states:

1. Voyage asserts claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. ("FHA"), as amended by the Fair Housing Amendments Act ("FHAA") (collectively, the "Acts"), and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

2. Voyage is a treatment provider for persons with disabilities or is otherwise associated with such treatment providers or persons with disabilities. As such, Voyage is a person "alleging discrimination on basis of disability" under the ADA, 42 U.S.C. § 12133, and 28 C.F.R. § 35.130(g), which has been injured, and continues to be injured, by the Town's discriminatory conduct and has suffered and continues to suffer damages for lost or delayed profits, lost opportunity, frustration of mission, diminution of market share, and a loss of civil rights as a direct result of the Town's conduct.

3. Voyage challenges the Town's facially discriminatory actions designed to restrict and burden a protected class of disabled patients from obtaining residential treatment for substance

use disorders at Voyage's current outpatient treatment facility at 850 Parkway Street, Jupiter, Florida (the "Facility").

4. This is a photograph of the Facility:



5. As alleged further below, Voyage's prospective residential patients are considered people with disabilities under the ADA, and therefore a protected class. Under the ADA, zoning ordinances that apply only to individuals with disabilities or single them out for differential treatment are facially discriminatory. Thus, it is unlawful for a local government to treat a substance use disorder treatment program for people with disabilities differently from other health or medical care services.

6. Voyage seeks to provide housing and residential treatment for up to eight persons with disabilities or is otherwise associated with such persons with disabilities. As such, it is an "aggrieved person" under the FHA. 42 U.S.C. § 3602(i)(2).

7. The Facility is located in a C-2 zone which is primarily a "Commercial, General" zone.

8. The Town permits residential health care and medical uses like nursing homes, convalescent facilities and specialty hospitals as special exceptions in a C-2 zone but not residential substance use disorder treatment as special exceptions. Town's Land Development Code § 27-2726 (a).

9. Voyage currently provides outpatient treatment for substance use disorders at the Facility in one half of its existing building and seeks to provide residential treatment for substance use disorders in the other half.

10. Voyage meets the standards for residential and outpatient substance use disorder treatment required by the Florida Department of Children & Families ("DCF"). It is currently licensed under Fla. Stat. § 397.311(26) to provide outpatient substance use disorder treatment services. It is fully accredited by the Joint Commission for Accreditation of Health Care Organizations as a Behavioral Health Facility, and the facility is registered on the SAMHSA locator.

11. As noted above, Voyage seeks to provide housing and residential treatment services for substance use disorders. As a condition of licensure for residential treatment, DCF requires Voyage and other licensees to provide proof that their facilities are properly zoned.

12. While comparable health care residential treatment facilities like nursing homes, convalescent facilities and specialty hospitals are permitted as special exceptions in a C-2 zone, residential treatment facilities such as the one proposed by Voyage with licensable service components as listed in Fla. Stat. § 397.311(26) are not permitted uses or permitted as special exceptions in a C-2 zone.

13. The properties surrounding the Facility are a County park and single family homes to the north, office buildings to the south, a golf course and town houses to the east, and a parking lot to the west.

## Jurisdiction and Venue

14. This action is brought pursuant to the ADA, FHA and 42 U.S.C. § 1983.

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, 1343(a) and 1391(b)(2), 29 U.S.C. § 794(a), and 42 U.S.C. § 12182(a).

16. Voyage seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 12133 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

17. Venue is proper in the United States District Court for the Southern District of Florida, as all acts complained of occurred within this District in Palm Beach County, Florida.

## Parties

18. Voyage Recovery Center, LLC is a Florida limited liability company authorized to do business in the State of Florida. It does business as Voyage Recovery Center.

19. The Town of Jupiter is a Florida municipal corporation.

20. The Town exercises enforcement and interpretive authority over zoning ordinances, and otherwise provides municipal services.

21. The Town is responsible for the acts of its agents and employees and for the enforcement of its zoning, building and property maintenance codes. The Town is a public entity under the ADA, 42 U.S.C. § 12131(1).

## Facts

22. Voyage currently provides outpatient treatment services to persons with alcohol and substance use disorders and, by this action, seeks to provide residential treatment services to persons with alcohol and substance use disorders. The length of the proposed residential treatment will differ from patient to patient but will typically average 30 days.

23. Voyage has hired the undersigned and agreed to pay them reasonable attorneys' fees.

24. Because of the Town's discriminatory zoning scheme, Voyage has suffered, and continues to suffer, damages in lost or delayed profits, loss of civil rights, lost opportunity, frustration of mission, diminution of market share, and other damages as a direct result of the Town's conduct.

25. Voyage has attempted to resolve this matter amicably but to no avail. In particular, and in an effort to avoid bringing this challenge to the Town's facially discriminatory zoning scheme, Voyage asked the Town to treat it like other comparable residential health care and medical uses that are permitted as conditional uses in the C-2 zone, but the Town refused.

26. Voyage has satisfied all conditions precedent and, to the extent that there are any administrative remedies available and required by law to be exhausted, has exhausted them or determined them to be futile.

27. Loss of residential treatment services is direct and imminent because of the Town's facially discriminatory zoning scheme. Voyage, and its disabled patients, will suffer irreparable injury if this Court does not issue a preliminary and permanent injunction. The loss of rights protected by the ADA and FHA is so serious that, as a matter of law, irreparable injury is presumed. Voyage has no adequate remedy at law.

28. There is an actual, bona fide and justiciable controversy existing between Voyage and the Town as to whether the Town's imposition of far more stringent land use requirements for substance use disorder patients and providers than it imposes upon comparable heath care and medical uses for patients who are not suffering from substance use disorders violates the ADA, FHA and the Equal Protection Clause.

29. The Town is intentionally treating Voyage and its patients in a discriminatory fashion and is imposing far more stringent land use requirements on Voyage and its patients than it imposes upon comparable medical uses for patients who are not suffering from substance use

5

disorders.

30. Singling out substance use disorder treatment facilities and their residents for different treatment violates the ADA, the FHA, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff seeks temporary and permanent injunctive relief, damages, and attorneys' fees to remedy those violations.

### Overview of Recovery, and Voyage's Proposed Residential Program

31. Substance use disorder is a disease that has a physiological and psychological component. The consequences of substance use disorders are vast and varied and affect people of all ages and backgrounds. When people enter treatment, the disorder has often taken over their lives. It has disrupted how they function in their family lives, at work, and in the community, and has made them more likely to suffer from other serious illnesses. Most individuals seeking treatment are eager for help and require both medical and emotional support services.

32. Fortunately, there is abundant evidence that treatment works, and there are many different methods to treat persons with alcohol and other substance use disorders. To be successful, treatment must address the needs of the whole person. The goal is to provide the best possible outcome for the patient.

33. Voyage specializes in short-term residential treatment for young adult males.

34. To be admitted, Voyage's patients must have a primary substance use disorder that requires stabilization as outlined by the American Society of Addiction Medicine ("ASAM"). ASAM defines these criteria over the following six dimensions: (1) acute alcohol and/or drug intoxication, (2) biomedical conditions or complications, (3) emotional, behavioral, or cognitive conditions and complications, (4) readiness to change, (5) relapse potential, and (6) recovery environment.

35. Voyage's patients will be at what ASAM refers to as level 3.5, which is a treatment

category.

36. All residents at Voyage will be admitted and discharged by a medical doctor. At the time of admission, residents are given a handbook, which provides a schedule for medications, group discussion times, individual therapy, and meals, as well as Voyage's rules and regulations. Residents are also subject to no-notice drug testing. They are also given a biopsychosocial assessment by a counselor.

37. Voyage is not a receiving facility for acute residents mandated to treatment.

38. Voyage's services will be provided in a private residential setting with home-like amenities. Most residents will eventually return to their homes and jobs and continue with outpatient services.

39. The Facility will be a secure, self-contained residential center. To protect the privacy and safety of the residents, entry into the facility will be limited for those other than staff, residents, and necessary vendors. Its staff will visualize and document the location of all residents admitted into Voyage every 15 minutes within the first 24 hours of admission and will visually check and document four times during each eight-hour shift for a total of 12 times per day. Voyage does not seek to provide detoxification service at this Facility.

40. The administrative staff will include a Medical Director (M.D.), Chief Operating Officer (COO), several Registered Nurses (R.N.), Clinical Director (C.A.P., L.M.H.C. or L.C.S.W.), and Program Director. The direct services staff will include physicians, advanced nurse practitioners, registered nurses, licensed practical nurses, clinical social workers, certified addiction professionals, licensed mental health counselors, behavioral health technicians, and other auxiliary staff such as dietary, business, and housekeeping personnel. Voyage will be staffed with medical professionals on a 24-hour basis, seven (7) days per week, three hundred sixty-five (365) days per year.

41. The Town's treatment of substance use disorder treatment facilities such as Voyage, even if could be construed as neutral on its face and in motive and intent, has a disparate impact on Voyage and its patients in violation of the ADA and FHA.

*ADA:*

42. Congress's stated broad goal in enacting the ADA was to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The ADA requires that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132. Section 12132 constitutes a general prohibition against discrimination based on disability by public entities.

43. Zoning is an activity covered under Title II of the ADA. In the preamble to the regulations implementing 42 U.S.C. § 12132, the Department of Justice notes that "[T]itle II applies to anything a public entity does," 28 C.F.R. pt. 35, app. A at 438 (1998), and, in the Technical Assistance Manual compiled to interpret the ADA, expressly uses zoning as an example of a public entity's obligation to avoid discrimination. The federal regulations implementing the ADA prohibit a public entity from discriminating against a qualified individual with a disability by administering a licensing program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability.

44. A public entity is further prohibited from establishing requirements for the programs or activities of licensees that subject qualified individuals with disabilities to discrimination on the basis of disability. 28 C.F.R. § 35.130(6).

45. The federal regulations also make it unlawful for a public entity to make determinations about the site or location of a facility where such determinations have the purpose

or effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to, discrimination with respect to those facilities. 28 C.F.R. § 35.130(4)(i).

### *FHA*:

46. In 1988, Congress amended the FHA, 42 U.S.C. § 3601 *et seq.*, to extend the guarantee of fair housing to handicapped individuals. Congress also authorized the Secretary of the United States Department of Housing and Urban Development to promulgate regulations to implement the FHA. 42 U.S.C. § 3614a.

47. Under the FHA, the term "handicap" means, with respect to a person, a "physical or mental impairment which substantially limits one or more of such person's major life activities, a record of such an impairment, or being regarded as having such an impairment." 42 U.S.C. § 3602(h). The term "physical or mental impairment" includes "alcoholism" and "drug addiction (other than addiction caused by current, illegal use of a controlled substance)." 24 C.F.R. § 100.201.

48. Under the FHA, it is unlawful to discriminate against or otherwise make unavailable or deny a dwelling to any buyer or renter because of a handicap of that buyer, renter, or person residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. § 3604(f)(1).

49. The FHA further provides that it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of the handicap of that person or persons residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. § 3604(f)(2).

50. The federal regulations implementing the FHA specifically prohibit, as a discriminatory activity, providing municipal services differently because of handicap. 24 C.F.R.

§ 100.70(d)(4).

51. The federal regulations further make it unlawful, because of handicap, "to restrict or attempt to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, buying or renting a dwelling so as to . . . discourage or obstruct choices in a community, neighborhood or development." 24 C.F.R. § 100.70(a).

**Count I - Claims under the ADA against the Town**

52. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 45 above as though fully set out herein. Voyage's prospective patients are qualified individuals with disabilities within the meaning of 42 U.S.C. § 12101.

53. The Town is a qualifying public entity within the meaning of the ADA. 42 U.S.C. § 12131(1)(A).

54. The Town's application of its zoning code to prevent use of Voyage by Plaintiff's patients constitutes discrimination under Title II of the ADA.

55. These acts were taken with the intent to discriminate against, and/or had the effect of discriminating against, persons in recovery and those who provide services to them, namely Plaintiff and its prospective residents.

56. As a result of the Town's discriminatory actions and zoning scheme, Plaintiff has expended time and financial resources and has lost the opportunity to conduct its business and provide much-needed treatment.

**Count II– Claims under the FHA against the Town**

57. Plaintiff incorporates by reference paragraphs 1 through 41 and 46 through 51 above as though fully set out herein.

58. The Facility is a "dwelling" within the meaning of the FHA.

59. The Town's application of the zoning code constitutes discrimination under the

FHA.

60. The Town has intentionally and/or effectively made housing unavailable to prospective Voyage residents.

61. These acts were undertaken with the intent to discriminate against, and/or had the effect of discriminating against, persons in recovery and those who provide services to them, namely Plaintiff and its prospective residents.

62. As a result of the Town's discriminatory actions prohibiting Voyage's proposed use, Plaintiff has expended time and financial resources and has lost the opportunity to conduct its business and provide a much-needed service.

## Count III: Claims under 42 U.S.C. § 1983 against the Town

63. Plaintiff incorporates by reference paragraphs 1 through 41 above as though fully set out herein.

64. The Fourteenth Amendment to the United States Constitution guarantees the equal protection of the laws.

65. The Town has singled out Voyage for disadvantageous treatment because of its willingness to house patients with substance use disorders, who are a politically unpopular group.

66. Voyage has suffered economic loss as well as other burdens imposed upon it and identified above.

67. Voyage's interests and those of its prospective patients are sufficiently aligned to ensure that Voyage will properly represent its prospective patients' interests in this litigation.

68. In addition, because of the stigma associated with people suffering from substance use disorder, it is unlikely that prospective patients will seek to vindicate their own rights against the Town.

69. Voyage and its residents have been deprived of their rights, privileges, and immunities secured by the Constitution and the laws of the United States, including, without limitation, the equal protection guarantee of the Fourteenth Amendment to the United States Constitution, for which 42 U.S.C. § 1983 provides a remedy.

WHEREFORE, Voyage respectfully requests that this Court:

A. Declare that the Town zoning provisions that treat substance use disorder treatment uses differently from other medical and health care uses violate the ADA, FHA and the equal protection guarantee of the Fourteenth Amendment to the United States Constitution;

B. Order the Town to allow Voyage's proposed residential treatment land use without the discriminatory burdens and restrictions;

C. Award damages for lost or delayed profits, lost opportunity, frustration of mission, diminution of market share, and any other damages; and,

D. Award costs and reasonable attorneys' fees.

Respectfully submitted,

s/ James K. Green
James K. Green, Esq.
Florida Bar No: 229466
**James K. Green, P.A.**
Flagler Center, Suite 306
501 South Flagler Drive
West Palm Beach, Florida 33401
Telephone: 561-659-2029
jkg@jameskgreenlaw.com
**Counsel for Voyage Recovery Center, LLC**